9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patricia A. DARROUGH, Defendant-Appellant,
and
Clarence B. JOHNSON; Rosalee C. Johnson; The Oklahoma Tax
Commission, State of Oklahoma ex rel. Oklahoma
Tax Commission; Oklahoma County
Treasurer; Oklahoma County
Commissioners, Defendants.
 No. 93-6186.
 United States Court of Appeals, Tenth Circuit.
 Oct. 25, 1993.
 
 ORDER AND JUDGMENT*
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Patricia Darrough, a California resident, executed and delivered a promissory note and mortgage to the Administrator of Veterans Affairs ("VA") for the purchase of a private residence in Oklahoma. After Appellant defaulted on several mortgage payments, Appellee United States filed suit on behalf of the VA in order to foreclose on the residence. Appellee was granted partial summary judgment on its foreclosure claim and sold the house at a public auction. Thereafter, Appellee moved for summary judgment on its request for a deficiency judgment because the sale of the residence failed to satisfy Appellant's obligation on the note. The United States District Court for the Western District of Oklahoma granted Appellee's motion, and this appeal follows challenging only the entry of the deficiency judgment.
 
 
 3
 In reviewing the district court's decision, we apply a de novo standard of review. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.). Also, we must liberally construe Appellant's pleadings because she is proceeding pro se. See Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.).
 
 
 4
 In her brief Appellant argues that California Code of Civil Procedure 580b prohibits deficiency judgments, and thus the district court's decision is erroneous as a matter of law. To support her assertion, Appellant draws our attention to Younker v. Reseda Manor, 255 Cal.App.2d 431, 63 Cal.Rptr. 197. However, the court in Younker was faced with a situation where a party was attempting to obtain a deficiency judgment in a California state court, unlike the scenario presently before this court where a deficiency judgment was entered in an Oklahoma federal court which had proper jurisdiction over Appellant. In fact, the Younker court recognized in dicta that if a deficiency judgment had been obtained against the defendants in an out-of-state court, then the California state courts would be required to enforce such a judgment pursuant to the full faith and credit clause of the Constitution. Younker, 255 Cal.App.2d at 436, 63 Cal.Rptr. at 201. See also United Bank of Denver v. K & W Trucking Co., Inc., 147 Cal.App.3d 217, 223, 195 Cal.Rptr. 49, 52 ("We, therefore, conclude that a deficiency judgment in a sister state is not so offensive so as to compel this court to recognize an exception to the full faith and credit clause of the United States Constitution").
 
 
 5
 Despite Appellant's claims to the contrary, the law in California clearly holds that a deficiency judgment properly entered in an out-of-state court is entitled to full faith and credit in California. After reviewing the record, we can find no error by the district court in granting the deficiency judgment because the court exercised proper jurisdiction over the parties and correctly applied Oklahoma law.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3